UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI



HENRY SANTINAC, on behalf of
himself and those similarly situated,

          Plaintiff,

versus                     CASE NO.: 1:15cv2516-RHW

WORLDWIDE LABOR SUPPORT
OF ILLINOIS, INC. a Mississippi
Limited Liability Company, and

WAYNE A. COOK, JR.

          Defendants.

## COLLECTIVE ACTION COMPLAINT

Plaintiff Henry Santinac is a resident of Louisiana and employee of the Defendants, Worldwide Labor Support of Illinois, Inc. and Wayne A. Cook, Jr.. Plaintiff has filed this action for himself individually, and on behalf of all similarly situated current and former employees, against Defendants, for past and ongoing wages owed in the nature of unpaid overtime and injunctive relief, as well as other damages and remedies. Plaintiff contends that Defendants violated and continue to violate the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim and those of the putative Plaintiffs, is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court because Defendant is licensed to do and doing business in the State of Mississippi a substantial portion of the acts and omissions giving rise to the instant claims occurred in this District.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

4. At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## RELEVANT TIME PERIOD

6. The FLSA permits Plaintiff to recover unpaid wages and liquidated damages for up to three years prior to the commencement of their lawsuit and the period of additional time, if any, that Plaintiff and other similarly situated employees' claims are tolled and extended by agreement of Defendants, by equity, or by operation of law.

## PARTIES

7. Plaintiff Henry Santinac is an individual residing at 6734 Buttonwood Drive, Baton Rouge, LA. He was employed with Worldwide Labor of Illinois, Inc., from February 2014 till approximately December 2014. Plaintiff's work was directed and controlled by the Defendants and its employees.

8. Defendant Worldwide Labor Support of Illinois, Inc., (hereinafter "Worldwide") is a business incorporated under the laws of Illinois, licensed to do and doing business in Mississippi, with offices in Pascagoula, Mississippi and Chicago, Illinois. According to its website, it hires

employees for multiple job locations in Mississippi and Illinois. Worldwide Labor Support of Illinois may be served through its registered agent CT Corporation System at 645 Lakeland East Dr., Suite 101 Flowood, Mississippi 39232.

9. According to filings with the Secretary of State, Wayne A. Cook, Jr., (hereinafter "Cook") is President, Director and Secretary of Worldwide Labor Support of Illinois, Inc., and maintains an office at 2101 Kingslea Drive, Gautier, MS 39553. According to the Worldwide's, website, Cook exercises operational control and is involved in the daily operations of Worldwide, including welding, project estimates, quality control, contract negotiations, and employee benefits. The work of the Plaintiff is directed and controlled by the Defendants Worldwide, Cook and their employees.

## THE CLASS DEFINITION

10. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants: all individuals employed within the last three years by the Defendants, who were paid a regular hourly rate and an hourly per diem without receiving overtime compensation at one-and-a-half times their regular rate plus per diem for hours worked in excess of forty during a single workweek, including but not limited to, structural welders, pipe welders, pipefitters, shipfitters, electricians, outside machinists, etc. Plaintiffs aver that such individuals are "similarly-situated" for the purposes of this FLSA collective action because said individuals were and are subject to a common policy, plan, and design that stretches across Defendants' operations, departments, and locations.

## FACTS

11. Defendant Worldwide Labor Support of Illinois, Inc., a privately held corporation, supplies a variety of skilled craftsmen to support ongoing projects in Mississippi and Illinois. In

particular, Worldwide subcontracts with various shipyards and other marine and industrial companies to provide the services of structural welders, shipfitters, pipe welders, pipefitters, electricians, and outside machinists.

12. Plaintiff, Henry Santinac, was employed as a Second Class shipfitter for the Defendant Worldwide Labor Support of Illinois, Inc., from February 2014 to approximately December 2014. He regularly worked overtime for the Defendant. Worldwide advertised and offered Plaintiff Santinac hourly wages of $21.21 per hour plus per diem of $136.00 per day; however, when Plaintiff received his paychecks, he was actually paid $21.21 an hour plus an hourly per diem of $6.00 an hour. His 'per diem' fluctuated with the number of hours worked, every week. The named Plaintiff is situated similarly to a number of current and former employees of the Defendant who work or have worked in similar non-exempt positions during the three years immediately preceding the filing of this lawsuit. To the best of Plaintiff's knowledge, information and belief, First Class Shipfitters were paid $6.00 an hour per diem and Second Class Shipfitters were paid $17.00 an hour per diem.

13. The unnamed Plaintiffs have the same or closely similar job duties as the named Plaintiff and all Plaintiffs were paid by the Defendant in the same or similar manner in violation of the FLSA. Accordingly, the named Plaintiff is a representative of all Plaintiffs employed by the Defendant and subjected to the common policy, plan and design to violate the FLSA.

14. Based upon Defendants' uniform practice and pay system, the Named Plaintiff and putative Plaintiffs worked hours in excess of forty (40) per week were not paid overtime based upon one and one half times their regular rate of pay, which "regular rate" should have included all hourly "per diems."

15. The terms and conditions of employment that the Defendants applied to the Named Plaintiff were similarly applied to the other employees and unnamed Plaintiffs were paid in a similar fashion for work they performed for the Defendants.

16. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice outlined herein above at Paragraphs 11 – 15, which resulted in the underpayment of overtime to Plaintiff, applied and continues to apply to all class members.

17. Plaintiff has retained the law firm of LOCOCO & LOCOCO, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for their services.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

18. Plaintiff hereby incorporates paragraphs 1 through 17 by reference.

19. At all relevant times, Plaintiff was a non-exempt employee as defined in the FLSA, 29 U.S.C. §§ 203(e), 207, 213, and was entitled to be paid time and one-half for all hours worked in excess of forty per week in accordance with the FLSA overtime provisions, 29 U.S.C. § 207.

20. At all relevant times, Defendants were employers as defined in the FLSA, 29 U.S.C. §201(d).

21. There are numerous other similarly-situated employees and former employees of the Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and deserve an opportunity to "opt-in" to recover unpaid overtime wages. Those similarly-situated employees are known to the Defendants and remain readily identifiable and locatable through their records. Specifically, all current and former employees of the Defendant who, within the last three years, have worked without receiving one and one-half times their regular rate for hours

worked in excess of forty during one week as structural welders, pipe welders, pipefitters, shipfitters, electricians, outside machinists, etc.

22. At all material times herein, Plaintiff and others similarly-situated have been entitled to the rights, protections, and benefits provided under the FLSA.

23. Defendants violated the FLSA by failing to pay overtime compensation at the appropriate rate to the named Plaintiff as well as others similarly-situated. 29 U.S.C. § 207, 215(a)(2), 216(b).

24. The FLSA regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

25. Defendants were, and are, subject to the overtime pay requirements of the FLSA.

26. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiff. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA; in particular, one and one-half times the regular rate for all hours worked in excess of forty during the workweek.

27. Defendants' failure to accurately pay overtime was, and is, willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not in violation of the FLSA. For instance, Worldwide Labor Support of Illinois, Inc. is a successor to Worldwide Labor Support of Mississippi, Inc. (hereinafter "Worldwide of MS"). Worldwide of MS previously filed suit against the United States seeking to overturn an IRS assessment penalizing it for failing to pay employment payroll taxes on hourly per diems. Judgment was entered against Worldwide of MS in this very Court by the Honorable William H. Barbour, Jr., *Worldwide Labor Support of Mississippi, Inc., v.*

*United States of America,* Case No. 3:00cv170 (S.D. Miss.) confirming IRS penalties against Worldwide of MS in the amount of $3,158,364.82. Sometime thereafter, Worldwide of MS ceased doing business and Worldwide Labor Support of Illinois took over operations of Worldwide of MS, but did not pay the Worldwide of MS Judgment. Thereafter, Worldwide Labor Support of Illinois was sued by the United States as the successor corporation of Worldwide of MS. *United States of America v. Worldwide Labor Support Of Illinois, Inc.,* Case No. 1:10-cv-00070-LG-RHW (S.D. Miss.) for the amount of the Judgment entered as to Worldwide of MS plus interest and statutory additions. A consent Judgment was entered in that case on June 28, 2012 in favor of the United States and assessing $5,430,259.30 plus interest and statutory additions accruing as of January 31, 2010. Clearly, the hourly per diems paid herein are a knowing violation of the FLSA by Worldwide. Overtime compensation has been intentionally, willfully, and unlawfully withheld by the Defendants, and the Named Plaintiff and putative Plaintiffss are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

28. Defendants have failed to maintain accurate records of the Named and putative Plaintiffs work hours in accordance with the law.

29. To the extent accurate records of the Named and putative Plaintiff's work hours exist, they are solely in the possession of the Defendant.

30. Plaintiffs are entitled to reimbursement of their costs, reasonable attorneys' fees, and expenses incurred.

## COUNT II – FRAUDULENT MISREPRESENTATION

31. Plaintiff hereby incorporates paragraphs 1 through 30 by reference.

32. Defendants advertised positions with Worldwide Labor Support of Illinois, Inc., which fraudulently misrepresented that the wages included a daily per diem, when in fact, employees was paid an hourly per diem of six dollars ($6.00) per hour. The hourly per diem amounts were inappropriately excluded from calculating Plaintiffs' regular hourly rates, thus diluting Plaintiffs' overtime rates and resulting in substantial underpayment of overtime due under FLSA.

33. Said false representations were known by Defendant and their corporate representatives Wayne A. Cook, Jr., and each of them, to be false at the time they were made.

34. Said false representations were made with the intent to deceive and defraud Plaintiff and other similarly situated Plaintiffs.

35. The named Plaintiff herein actually and justifiably relied on said fraudulent misrepresentations and were damaged as a direct and proximate result of said fraudulent misrepresentations.

## COUNT III – NEGLIGENT MISREPRESENTATION

36. Plaintiff hereby incorporates paragraphs 1 through 35 by reference.

37. At the time Defendants, and each of them, made the false representations outlined in Paragraphs 1-35, Defendants, and each of them, had no reasonable grounds for believing the statements to be true.

38. Said false representations were made negligently without regard for the truth of said representations and with the intent that Plaintiff and other similarly situated Plaintiff rely on said representations.

39. Plaintiff actually and justifiably relied on said false representations.

40. Plaintiff was damaged by said false representations in an amount to be determined at trial.

## JURY DEMAND

The Plaintiff, Henry Santinac, is entitled to and does hereby demand a trial by jury.

**WHEREFORE,** the Plaintiff, individually and on behalf of all others similarly situated, respectfully prays;

a. That at the earliest possible time, he be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations within the United States during the three years immediately preceding the filing of this suit and to all other potential Plaintiffs who may be similarly-situated informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked overtime but were not paid proper compensation and benefits pursuant to 29 U.S.C. § 216(b).

b. That the Plaintiff be awarded damages in the amount of unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

c. That Plaintiff be awarded their reasonable attorneys' fees, including the costs and expenses of this action, 29 U.S.C. 216(b);

d. That the Plaintiff be awarded an adequate amount of damages intended to satisfy reasonable and necessary charges to be incurred as a result of hiring an accountant to calculate and refile taxes based on the amended earning;

e. That Plaintiff be awarded an amount of damages intended to satisfy any and all penalties assessed by the Internal Revenue Service; and

f. That a declaratory judgment be issued herein declaring that the practices complained of herein are unlawful under the FLSA;

g. That an injunction be issued against Defendants, their officers, agents, successors, employees, representatives, and any persons in concert with them, prohibiting them from engaging in the unlawful practices, policies and patterns set forth herein; and prohibiting them from retaliating against any current employees.

h. That the Plaintiff be awarded such other legal and equitable relief, including but not limited to, punitive damages.

Respectfully submitted, this the 23rd day of January, 2015.

PLAINTIFF, HENRY SANTINAC

_____
VIRGINIA L. LoCOCO, MSB 8483
JOSEPH A. LOCOCO, MSB# 9537
JACOB "JAKE" KING, MSB# 104157
LoCoco and LoCoco, P.A.
10243 Central Avenue
P.O. Box 6014
D'Iberville, MS 39540
Telephone No. 228-392-3799
Facsimile No. 228-392-3890
virginia.lococo@lococolaw.com
joseph.lococo@lococolaw.com
jake.king@lococolaw.com