IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY SANTINAC, on behalf of himself**
**and those similarly situated**                                                    **PLAINTIFF**

v.                                           CAUSE NO. 1:15CV25-LG-RHW

**WORLDWIDE LABOR SUPPORT OF**
**ILLINOIS, INC., a Mississippi Limited**
**Liability Company, and WAYNE A. COOK, JR.**                **DEFENDANTS**

### ORDER DENYING WITHOUT PREJUDICE MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FOR COURT APPROVED NOTICE TO POTENTIAL PLAINTIFFS

BEFORE THE COURT is the [3, 4] Motion to Conditionally Certify Collective Action and for Court Approved Notice to Potential Plaintiffs filed by Plaintiff Henry Santinac. Having considered the Motion and the applicable law, the Court is of the opinion that the Motion should be denied without prejudice.

### BACKGROUND

In this action, Plaintiff Henry Santinac claims, *inter alia*, that Defendant Worldwide Labor Support of Illinois, Inc., violated the Fair Labor Standards Act (FLSA). According to the allegations of the Complaint, Worldwide is "a privately held corporation [that] supplies a variety of skilled craftsmen to support ongoing projects in" various states. (Compl. 3-4 (¶11), ECF No. 1).[1] "In particular, Worldwide subcontracts with various shipyards and other marine and industrial companies to provide the services of structural welders, shipfitters, pipe welders,

---

[1] Plaintiff alleges that Defendant Wayne Cook is the president of Worldwide. (Compl. 3 (¶9), ECF No. 1).

pipefitters, electricians, and outside machinists." (*Id.*).

Santinac claims to have worked for Worldwide as a Second Class shipfitter with hourly wages of $21.21 per hour and a per diem. According to Santinac, "Defendant Worldwide advertises that non-local employees receive a per diem of $136 a day, but the per diems are actually paid based on hours worked, at a rate of $6.00 an hour." (Pl's. Mem. 2, ECF No. 5) (*see also* Compl. 4 (¶12), ECF No. 1). Santinac alleges that he regularly worked over forty hours a week, but did not receive adequate overtime pay in violation of the FLSA. Specifically, he contends that "his hourly per diem should have been included in his regular rate and his overtime rate at one-and-half times his regular rate should have been based on his total remuneration." (Pl's. Mem. 2, ECF No. 5).

Santinac states that "all employees were subject to th[is] per diem scheme to reduce overtime compensation." (*Id.* at 4) (*see also* Compl. 4 (¶12), ECF No. 1). In the Motion currently before the Court, Santinac requests that the Court conditionally certify this FLSA action as a collective action, and, further, that the Court provide for notice to potential plaintiffs.

## THE LEGAL STANDARD

The Fair Labor Standards Act requires covered employers to compensate nonexempt employees at overtime rates when they work in excess of forty hours per week. *See* 29 U.S.C. § 207(a). Under certain circumstances, the FLSA permits an employee to bring suit against an employer "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). "Plaintiffs who desire to

join in a 'collective action' must 'opt in' to the case and be bound by a judgment, unlike plaintiffs in a [Federal Rule of Civil Procedure 23] class action, who must essentially 'opt out.'" *Harris v. Hinds Cnty.*, No. 3:12-cv-00542-CWR-LRA, 2014 WL 457913, at *1 (S.D. Miss. Feb. 4, 2014). "If the [c]ourt decides to conditionally certify the class, putative class members are given notice, an opportunity to opt in to the litigation, and adequate time for discovery." *Id.* at *2. Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court . . . ." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct 1523, 1530 (2013) (internal citation omitted).

"District courts have discretion in determining whether to order court-supervised notice to prospective plaintiffs." *See Harris*, 2014 WL 457913, at *1 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)); *see also Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 705 (N.D. Tex. 2008) ("[N]otice is by no means mandatory . . . ."). In doing so, courts in this Circuit, including within this district, employ the method set forth in *Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992). *See Harris*, 2014 WL 457913, at *2.

"Under the *Lusardi* method, the court makes a decision–usually based only on the pleadings and any affidavits which have been submitted–whether notice of the action should be given to potential class members." *Id.* (citation and quotation

3

marks omitted). "The court makes this determination using a fairly lenient standard because of the minimal evidence available at this stage. Plaintiffs can achieve notice with nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* (citations and quotation marks omitted).

Thus, at this stage of the proceedings, Santinac "must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Id.* (citation and quotation marks omitted). "The lenient standard requires at least a modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citation and quotation marks omitted).

Moreover, "[a] class of plaintiffs can be conditionally certified for notice despite some level of heterogeneity. The positions compared 'need not be identical, but similar' with respect to their 'job requirements and with regard to their pay provisions.'" *Id.* (citations omitted). "A court can authorize certification if it finds 'some factual nexus which binds the named plaintiff[] and the potential class members together as victims of a particularly alleged policy or practice.'" *Id.* (citation omitted).

4

**DISCUSSION**

Santinac did not submit affidavits or other evidence with his Motion.  Instead, he relies solely on allegations in his Complaint, which is not verified, and on unsupported argument in his Supporting Memorandum.  Such statements "do not even meet a 'modest factual showing.'"  *See de la Cruz v. El Paso Cnty. Water Improvement Dist. No. 1*, No. EP-05-cv-206-FM, 2005 WL 2291015, at *2 (W.D. Tex. Sept. 19, 2005); *see also Chester v. Assocs. Corp. of N. Am.*, No. 3:97-CV-3186-L, 2000 WL 743679, at *3 (N.D. Tex. May 26, 2000) ("Argument of counsel is not evidence . . . .").  Indeed, it is well-settled that "unsupported allegations that FLSA violations were widespread and that other similarly situated employees exist are insufficient to warrant notice to potential class members."  *See Lott v. Ten Star Truck Wash, Inc.*, No. H-06-00042, 2006 WL 6584401, at *1 (S.D. Tex. Aug. 16, 2007); *see also, e.g.*, *Xavier v. Belfor USA Grp., Inc.*, Nos. 06-491, 06-7084, 2008 WL 4862533, at *3-4 (E.D. La. Sept. 23, 2008); *de la Cruz*, 2005 WL 2291015, at *2.

Santinac's mere averment "that there are hundreds of similarly-situated current and former employees who were not paid overtime owed" and that "potential opt-in Plaintiffs undoubtedly exist[,]" (Pl's. Mem. 2, ECF No. 5), is insufficient.  *See, e.g.*, *Xavier*, 2008 WL 4862533, at *3-4; *see also Treme v. HKA Enters., Inc.*, No. 07-1134, 2008 WL 941777, at *3 (W.D. La. Apr. 7, 2008) ("[U]ncorroborated assertions, without more, do not fulfill the plaintiff's burden under *Lusardi*."); *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (plaintiff's "reliance on merely his own allegations that the putative class members

exist and together were the victims of a single decision, policy, or plan is" not enough for conditional certification and notice). While affidavits *per se* are not required, Santinac must still submit some form of evidence that additional aggrieved persons exist and want to join the suit, which he has failed to do. *See Simmons*, 2007 WL 210008, at *9.

While Santinac's "burden at this stage is not onerous, neither is it invisible." *Songer*, 569 F. Supp. 2d at 706. In deciding whether Santinac has met his burden, the Court "'is mindful that it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation.'" *See id.* at 706-07 (citation omitted). Santinac's "bare and unsupported allegations are simply not enough to carry even the light burden imposed by *Lusardi*." *See Treme*, 2008 WL 941777, at *3. Under these circumstances, the Court declines to exercise its discretion to conditionally certify a collective action and order court-supervised notice to prospective plaintiffs.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3, 4] Motion to Conditionally Certify Collective Action and for Court Approved Notice to Potential Plaintiffs filed by Plaintiff Henry Santinac is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 4th day of February, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE