IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| HENRY SANTINAC, on behalf of himself and those similarly situated | PLAINTIFF |
| v. | CAUSE NO. 1:15CV25-LG-RHW |
| WORLDWIDE LABOR SUPPORT OF ILLINOIS, INC., a Mississippi Limited Liability Company, and WAYNE A. COOK, JR. | DEFENDANTS |

## ORDER GRANTING SECOND MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FOR COURT APPROVED NOTICE TO POTENTIAL PLAINTIFFS

BEFORE THE COURT is the [11] Second Motion to Conditionally Certify Collective Action and for Court Approved Notice to Potential Plaintiffs filed by Plaintiff Henry Santinac.  The Motion has been fully briefed by the parties.  Having considered the parties' submissions and the applicable law, the Court is of the opinion that the Motion should be granted because Santinac has met his burden under the fairly lenient standard for court-supervised notice.  The parties are directed to confer on a proposed notice which takes into account the Court's rulings herein on Defendants' objections contained in their Response to the Motion, and to submit the proposed notice to the Court within twenty-eight (28) days of the date of this Order.

### BACKGROUND

Plaintiff Henry Santinac claims, *inter alia*, that Defendant Worldwide Labor Support of Illinois, Inc., violated the Fair Labor Standards Act (FLSA).  According to the allegations of the Complaint, Worldwide is "a privately held corporation

[that] supplies a variety of skilled craftsmen to support ongoing projects in" various states. (Compl. 3-4 (¶11), ECF No. 1). "In particular, Worldwide subcontracts with various shipyards and other marine and industrial companies to provide the services of structural welders, shipfitters, pipe welders, pipefitters, electricians, and outside machinists." (*Id.*). Santinac alleges that Defendant Wayne Cook is the president of Worldwide.[1] (Compl. 3 (¶9), ECF No. 1).

Santinac claims to have worked for Worldwide as a Second Class shipfitter with hourly wages of $21.21 per hour and a per diem. According to Santinac, "Worldwide advertises that non-local employees receive a per diem of $136 a day, but the per diems are actually paid based on hours worked, at a rate of $6.00 an hour for Second Class Pipefitters and $17.00 an hour for First Class Pipefitters." (Pl's. Mem. 2, ECF No. 12) (*see also* Compl. 4 (¶12), ECF No. 1). Santinac alleges that he regularly worked over forty hours a week, but did not receive adequate overtime pay in violation of the FLSA. He contends that "his hourly per diem should have been included in his regular rate and his overtime rate at one-and-half times his regular rate should have been based on his total remuneration." (Pl's. Mem. 2, ECF No. 12).

Santinac states "that all employees were subject to th[is] per diem scheme to reduce overtime compensation . . . ." (*Id.*) (*see also* Compl. 4 (¶12), ECF No. 1). He now requests that the Court conditionally certify this FLSA action as a collective

---

[1] For ease of reference, the Court refers to Defendants as "Worldwide" herein.

action, and, further, that the Court provide for notice to potential plaintiffs.

## THE LEGAL STANDARD

The FLSA requires covered employers to compensate nonexempt employees at overtime rates when they work in excess of forty hours per week. *See* 29 U.S.C. § 207(a). Under certain circumstances, the FLSA permits an employee to bring suit against an employer "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). "Plaintiffs who desire to join in a 'collective action' must 'opt in' to the case and be bound by a judgment, unlike plaintiffs in a [Federal Rule of Civil Procedure 23] class action, who must essentially 'opt out.'" *Harris v. Hinds Cnty.*, No. 3:12-cv-00542-CWR-LRA, 2014 WL 457913, at *1 (S.D. Miss. Feb. 4, 2014). "If the [c]ourt decides to conditionally certify the class, putative class members are given notice, an opportunity to opt in to the litigation, and adequate time for discovery." *Id.* at *2. Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court . . . ." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct 1523, 1530 (2013) (internal citation omitted).

"District courts have discretion in determining whether to order court-supervised notice to prospective plaintiffs." *Harris*, 2014 WL 457913, at *1 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). In doing so, courts

in this Circuit employ the method set forth in *Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992). *See Harris*, 2014 WL 457913, at *2. Under that approach, "certification . . . is divided into two stages: (1) the notice stage; and (2) the merits stage." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011). "In the notice stage, a district court makes a decision, based on the pleadings and any affidavits, whether to 'conditionally' certify the collective action and authorize notice to potential class members." *Id.*; *see also Harris*, 2014 WL 457913, at *2. "The court makes this determination using a fairly lenient standard because of the minimal evidence available at this stage." *Harris*, 2014 WL 457913, at *2 (citations and quotation marks omitted).

However, "[t]he certification at this stage is only 'conditional' because the court may later choose, under the merits stage, to 'decertify' the collective action upon a showing that the case lacks merit for collective action, i.e. the plaintiffs are not 'similarly situated' under § 216(b)." *See Tice*, 826 F. Supp. 2d at 994-95. "The merits stage typically occurs after discovery is mostly complete and upon motion by the defendant." *Id.* at 995. For this reason, this stage is also sometimes referred to as the decertification stage.

At this early stage, a plaintiff "can achieve notice with nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *See Harris*, 2014 WL 457913, at *2; *see also Huaman v. Ojos Locos Sports Cantina LLC*, No. 3:13-cv-

4938-B, 2014 WL 4081554, at *4 (N.D. Tex. Aug. 19, 2014) ("Plaintiffs have only a 'low burden' at this stage . . . .") (citations omitted). It is not the role of this Court to resolve factual disputes over the merits of the claims at the notice stage. *See, e.g.*, *Huaman*, 2014 WL 4081554, at *4 (stating that defendant's denial of all of plaintiff's allegations at notice stage was "unmoving" since such "arguments go to the merits of [the] case and are inappropriate to consider at the notice stage").

Thus, at this juncture, a plaintiff "must make a minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Harris*, 2014 WL 457913, at *2 (citation and quotation marks omitted). "The lenient standard requires at least a modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (citation and quotation marks omitted).

Moreover, "[a] class of plaintiffs can be conditionally certified for notice despite some level of heterogeneity. The positions compared 'need not be identical, but similar' with respect to their 'job requirements and with regard to their pay provisions.'" *Id.* (citations omitted). "A court can authorize certification if it finds 'some factual nexus which binds the named plaintiff[] and the potential class members together as victims of a particularly alleged policy or practice.'"

5

*Id.* (citation omitted).

## DISCUSSION

**Conditional Certification**

The Court denied without prejudice Santinac's First Motion to Conditionally Certify Collective Action and for Court Approved Notice to Potential Plaintiffs, primarily due to Santinac's failure to support the Motion with any evidence. Santinac has now filed a Second Motion, and has supported his new Motion with, *inter alia*, his own Affidavit, a purported Worldwide job announcement, and selected pay stubs. He has also submitted the Declaration of George Boyd, another former Worldwide employee, as well as Facebook and Twitter postings by Worldwide advertising various positions.

Based on the documents Santinac has now submitted, the Court finds that Santinac has met the fairly lenient standard for court-supervised notice. *See, e.g., Harris*, 2014 WL 457913, at *6-7. The Court rejects Worldwide's argument that certification should be denied because the Santinac and Boyd affidavits contain hearsay evidence of alleged conversations with other employees who claimed that they were paid in the same manner. "Without commenting on the merit of these objections, the Court notes that there is a disagreement among district courts about whether evidence submitted during the notice stage must meet certain admissibility standards, as in the summary judgment context." *Castillo v. Alkire Subway, LP*, No. H-08-cv-2658, 2009 WL 9529354, at *4 (S.D. Tex. Apr. 30, 2009).

Like the *Castillo* court, "[t]his Court finds more persuasive the cases which have held that factual support for the plaintiff's claims need not meet summary judgment type evidentiary standards at the notice stage[,]" where the Court is not making a final disposition on the merts. *See id.* at *4-5; *see also Nguyen v. Versacom, LLC*, No. 3:13-cv-4689-D, 2015 WL 1400564, at *3 (N.D. Tex. Mar. 27, 2015). Even without this evidence, though, the Court would still find certification appropriate because all that is required at this stage is a modest factual showing that Santinac and potential opt-in plaintiffs, such as Boyd, were victims of a single decision, policy, or plan. *See, e.g.*, *Owens v. S. Hens, Inc.*, No. 2:07cv28-KS-MTP, 2008 WL 723923, at *3 (S.D. Miss. Mar. 17, 2008). Furthermore, while Worldwide also objects to the Court's consideration of the IRS ruling submitted by Santinac, that objection is moot, because the Court finds conditional certification appropriate even without consideration of the IRS ruling.

The Court emphasizes that, at this early stage, the record is incomplete, and the Court is not currently making a definitive determination as to whether the putative class members are similarly situated. After initial discovery has been conducted and potential opt-in plaintiffs file their notices of consent, the Court will consider any decertification motion filed by Worldwide. Nevertheless, the Court will allow notices to be sent, as "[t]he best way to determine whether a party is interested in joining a lawsuit is to send her notice and allow her to opt in." *See Harris*, 2014 WL 457913, at *3.

**Scope of the Collective Class**

Worldwide argues that, even if a class is certified, the proposed scope of the class is too broad. It states that the class should be limited to the two job sites where Santinac and Boyd worked in Mississippi and Georgia. It also argues that the class should be limited to the positions held by Santinac and Boyd of second class shipfitter and structural welder.

If the employer's "actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007). The allegations that Worldwide paid all its employees the same with respect to per diem pay, regardless of job site, is sufficient for the Court to conditionally certify a nationwide class. *See, e.g.*, *Quintanilla v. A & R Demolitina, Inc.*, No. H-04-1965, 2005 WL 2095104, at *15 (S.D. Tex. Aug. 30, 2005). Again, at the decertification stage, Worldwide may be able to show that a nationwide class is inappropriate. At this juncture, however, such a class will be conditionally certified so that notice may be effectuated. *See, e.g.*, Heeg v. Adams Harris, Inc., 907 F. Supp. 2d 856, 863-64 (S.D. Tex. 2012).

On the other hand, the Court concurs in part with Worldwide that to the extent Santinac is seeking to certify a class of *all* former and current employees by the use of the term "etc." in its description of the proposed class, such certification is inappropriate. Santinac has met his low burden to show that other specifically identified employees – welders, pipefitters, shipfitters, electricians, and outside

8

machinists – were all subject to the same per diem pay calculation and are similarly situated skilled laborers. *See, e.g.*, *Harris*, 2014 WL 457913, at *5. However, Worldwide may employ other persons with different job requirements, and the use of "etc." is insufficient to show that these persons are similarly situated. The onus is not on the Court or Worldwide to define Santinac's class. Therefore, the Court will limit the conditional class to only those employees with the specific jobs Santinac has identified of welders, pipefitters, shipfitters, electricians, and outside machinists.

**Contact and Other Information of Potential Plaintiffs**

Worldwide objects to providing the following information for potential class members requested by Santinac for notice purposes: phone numbers, last four digits of social security numbers, and e-mail addresses. "At the conditional certification stage, discovery of the names and addresses of potential class members is appropriate." *Lopez v. Bombay Pizza Co.*, No. H-11-4217, 2012 WL 5397192, at *3 (S.D. Tex. Nov. 5, 2012) (citing *Hoffman*, 493 U.S. at 170). "However, [Santinac] has not demonstrated any need for the additional information at this stage of this case." *See id.* The Court also finds compelled disclosure of this information inappropriate based on the privacy concerns of the potential class members. *See, e.g.*, *Nguyen*, 2015 1400564, at *3.

Santinac argues that "[e]mail notice serves to further the broad remedial purpose of the FLSA . . . ." (Pl's. Reply 6, ECF No. 22). But "there is no apparent

9

reason to conclude that sending a letter to a person's last known address will be inadequate."[2] *See Nguyen*, 2015 1400564, at *3. Similarly, Santinac claims that "Social Security numbers are needed to run the names and addresses provided through the National Change of Address database to ensure the most up to date, accurate addresses." (Pl's. Mem. 12 n.3, ECF No. 15). In support, he cites a case in which the court ordered provision of social security numbers, but only *after* a certification was made to the court that the notice was returned as undeliverable and that plaintiffs were unable to locate the addresses by less intrusive means. *See In re Wells Fargo Wage & Hour Emp't Practices Litig. (No. III)*, No. H-11-2266, 2013 WL 2180014, at *3 (S.D. Tex. May 17, 2013). That is not the case here.

**Substance of Proposed Notice**

"In motions for conditional certification of FLSA collective actions, the Supreme Court has declined to determine what form court-approved notice must take or its contents and instead has delegated these tasks to the district court's broad discretion." *Harris*, 2014 WL 457913, at *7. Worldwide has raised several objections to the substance of Santinac's proposed notice. The Court addresses each of those objections, and Santinac's response thereto, in turn below.

*Limitations Period*

The parties disagree whether the limitations period is two or three years. Santinac argues that three years is proper because he has pled that Worldwide's

---

[2] If it proves to be so, the Court will consider any motion by Santinac to send notice via email.

actions were willful.  Worldwide contends, without legal support, that it should be two years because Santinac "has presented no evidence of an alleged willful violation."  (Defs.' Resp. 13, ECF No. 21).  "FLSA plaintiffs are not required to prove willfulness without the benefit of discovery."  *Albanil v. Coast 2 Coast, Inc.*, No. H-08-486, 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008).  The Court will order notice for the full three-year period, *see, e.g., id.*, and Worldwide's objection to the proposed notice on this issue is denied.

*Responsibility for Costs and Consulting/Hiring a Different Attorney*

Worldwide argues that the notice should "inform putative class members that they may be responsible for costs and expenses" should Defendants prevail.  (Defs.' Resp. 13, ECF No. 21) (*see also id.* at 14).  Santinac opposes inclusion of this language.  The district courts are decidedly split on this issue.  *See Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 853-54 (N.D. Tex. 2014) (collecting cases).  The Court agrees with those courts that find cost language warranted so that putative plaintiffs may "make an informed decision about whether to join the lawsuit . . . ."  *See Behnken v. Luminant Mining Co., LLC*, 997 F. Supp. 2d 511, 524 (N.D. Tex. 2014).  The Court sustains Worldwide's objection to the proposed notice and orders that any future notice submitted to the Court include the requisite cost language.

Worldwide also contends that any "notice must inform potential class members that they may contact any attorney of their choosing to discuss the case, not specifically limited to the named Plaintiff's counsel."  (Defs'. Resp. 14, ECF No.

11

21). They further argue that the notice should "include information regarding putative class members' right to retain counsel of their own choosing." (*Id.* at 15). Santinac has not responded to this argument, and the Court is of the opinion based on a review of the relevant law that the notice should include this information and, thus, sustains Worldwide's objection. *See, e.g., Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010); *Garcia v. TWC Admin., LLC*, No. SA:14-cv-985-DAE, 2015 WL 1737932, at *8 (W.D. Tex. Apr. 16, 2015).

*Where to Send Opt-In Forms*

Santinac argues that the opt-in forms should be sent to Plaintiff's counsel, while it is Worldwide's position that those forms should be sent to the Clerk of Court. The Court agrees with the district courts in this Circuit that have found that opt-in notices should be sent to the Clerk. *See, e.g., Tolentino*, 716 F. Supp. 2d at 655. Accordingly, the Court sustains Worldwide's objection regarding where to send opt-in forms.

*Opt-In Period*

The parties also disagree as to whether the opt-in period should be the default 60 days or a longer period of 90 days. Santinac argues that "where, as here, many of the putative class members are scattered across a large region and they often travel for work assignments, courts routinely permit opt-in periods of 90 days or more." (Pl's. Reply. 10, ECF No. 22).

"Although opt-in periods commonly range from as little as 30 to as many as 120 days, most courts appear to default to a notice period of 60 days, unless potential plaintiffs are difficult to contact because of their locations or other extenuating factors warrant additional time." *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14-cv-120, 2015 WL 737024, at *10 (W.D. Tex. Feb. 20, 2015) (collecting cases). The alleged fact that the putative plaintiffs are "scattered" and "often travel for work" does not mean that they will be difficult to contact by mail and opt-in over a full two month period. Nor do they constitute extenuating factors, especially where there is no allegation that any of the employees are outside of the country. *See, e.g.*, *Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, No. A-11-2777, 2012 WL 5986467, at *2 (E.D. La. Nov. 29, 2012) (ordering 90-day opt-in period due to the demographic nature of the putative class – itinerant Filipino workers, scattered across the globe, many of whom do not speak English). The Court grants Worldwide's objection and finds that the default 60-day opt-in period is reasonable.

**Reminder Notice**

Santinac claims that a reminder notice at the half-way point in the Notice Period is appropriate because it serves FLSA's remedial purposes. Worldwide, on the other hand, contends that a reminder as unnecessary. "There is a split among district courts as to whether reminder notices to putative class members are proper in FLSA actions." *Garcia*, 2015 WL 1737932, at *6. Santinac has "not identified any particular reason why a reminder notice is necessary to ensure sufficient notice under the circumstances of this case." *See id.* The Court therefore denies

Santinac's request without prejudice to Santinac to later file a motion requesting that reminder notices be sent if there is a compelling reason to do so.

## CONCLUSION

The fairly lenient standard employed by courts in this Circuit permits the Court wide discretion in determining that a class is similarly situated for conditional certification through discovery.  For the reasons discussed above, the Court is of the opinion that the current Motion should be granted.  However, the Court is also of the opinion that the proposed notice should be modified.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [11] Second Motion to Conditionally Certify Collective Action and for Court Approved Notice to Potential Plaintiffs filed by Plaintiff Henry Santinac is **GRANTED**, and that a **collective class is conditionally certified**, consisting of all welders, pipefitters, shipfitters, electricians, and outside machinists employed by Worldwide within the three years prior to the date of this Order[3] who were paid a regular hourly rate and hourly per diem and who did not receive overtime compensation at one-and-a-half times their regular rate, including per diem, for hours worked in excess of forty during a single workweek.

**IT IS FURTHER ORDERED AND ADJUDGED** that Worldwide shall provide to Plaintiff's counsel a list of names and last known mailing addresses (in

---

[3] *See* 29 U.S.C. § 256; *Conerly v. Marshall Durbin Co.*, No. 206CV205KS-MTP, 2007 WL 3326836, at *11-12 (S.D. Miss. Nov. 6, 2007); *Salinas-Rodriguez v. Alpha Servs., L.L.C.*, No. 3:05CV44WHBAGN, 2005 WL 3557178, at *4 (S.D. Miss. Dec. 27, 2005); *Garcia*, 2015 WL 1737932, at *6.

electronic form) of all potential members of the collective class, as defined above, within twenty-eight (28) days of the date of this Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that Worldwide's objections to Plaintiff's proposed notice are **SUSTAINED IN PART AND OVERRULED IN PART**, as discussed herein. The parties are **ORDERED** to confer and submit a mutually agreeable notice and consent within twenty-eight (28) days of the date of this Order, taking into account the Court's rulings on Defendants' objections to the proposed notice. If the parties cannot agree, they shall submit their separate proposals for the Court's consideration, including the justification for each proposal.

**IT IS FURTHER ORDERED AND ADJUDGED** that Santinac's request that a reminder notice be sent is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 2nd day of June, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE