IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY SANTINAC, on behalf of himself
and those similarly situated**                                                        **PLAINTIFF**

**v.**                                                                         **CAUSE NO. 1:15CV25-LG-RHW**

**WORLDWIDE LABOR SUPPORT OF
ILLINOIS, INC., a Mississippi Limited
Liability Company, and WAYNE A. COOK, JR.**                **DEFENDANTS**

### SECOND ORDER REQUIRING AFFIDAVITS
### AND ADDITIONAL INFORMATION

BEFORE THE COURT are [80, 84] Motions requesting approval of the settlement filed by the parties to this FLSA collective action. The Court required additional briefing and information on the settlement by [82] Order dated January 13, 2017, specifically on the issue of attorney's fees. In response, Plaintiffs' counsel has submitted its Employment Contract, with no billing information or affidavits regarding a reasonable hourly rate or otherwise. As a result, while the Court is prepared to approve the settlement as to the amount to be awarded to Plaintiffs, the Court requires additional information before it can determine the reasonableness of attorney's fees and costs, and will not approve that portion of the settlement unless and until it has sufficient information before it to do so.

Generally, FLSA claims can only be compromised after a court reviews and approves the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). "[T]o fully discharge its duty to review and approve [such settlements], a district court must assess the reasonableness of the attorneys' fees."

*See Strong v. BellSouth Telecomm., Inc.*, 137 F.3d 844, 849 (5th Cir. 1998). In common fund cases like this one, courts in this Circuit are permitted to use either the percentage method or the lodestar method to calculate attorneys' fees. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012). After utilizing the percentage method, it is often helpful to perform a lodestar cross-check "to avoid windfall fees, i.e., to ensure that the percentage approach does not lead to a fee that represents an extraordinary lodestar multiple." *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1086 (S.D. Tex. 2012).

The lodestar cross-check helps confirm that the attorneys' fees calculated pursuant to the percentage method are reasonable. *Id.* The cross-check involves calculation of the lodestar, as well as consideration of the *Johnson* factors. *Strong*, 137 F.3d at 850. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Pursuant to the percentage method, the court awards a reasonable percentage of the common fund to the attorneys. *Dell, Inc.*, 669 F.3d at 642-43. The court first determines the actual monetary value conferred to the class by the

2

settlement.  *In re Heartland*, 851 F. Supp. 2d at 1075.

> If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees and expenses, . . . the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel.

*Id.* at 1072 (quoting Manual for Complex Litig. (4th) § 21.7 (2004)).  After determining the value conferred on the class, the court applies a benchmark percentage to this value.  *Id.*  Finally, the court applies the *Johnson* factors to determine whether the percentage should be adjusted upward or downward.  *Id.*

The value conferred to the class here is $275,000.00.  The fees requested total $95,377.64, or approximately 34.68 percent of the value conferred to the class.  This percentage is somewhat higher than the amount of attorney's fees typically awarded in similar cases.  *See, e.g.*, *Rodriguez v. Stage 3 Separation, LLC*, No. 5:14-cv-00603-RP, 2015 WL 12866212, at *5 (W.D. Tex. Dec. 23, 2015) ("A review of Fifth Circuit precedent suggests a benchmark fee of 30%."); *see also* Manual for Complex Litig. (4th) § 21.7 (2004) ("Attorney fees awarded under the percentage method are often between 25% and 30% of the fund.").  Thus, the Court finds it necessary to perform a lodestar cross-check, which includes application of the *Johnson* factors to determine whether the requested award is reasonable.  However, the Court does not have sufficient information to perform this analysis.

Under the lodestar method, the court first multiplies the reasonable number of hours spent working on the case by the reasonable hourly rate for the attorney to

determine the lodestar figure. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The party seeking attorneys' fees must present an adequately documented time record to the court. Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The party seeking fees must demonstrate that the hours billed were reasonable and that the lawyers exercised billing judgment by writing off unproductive, excessive, or redundant work. *Black*, 732 F.3d at 502.

Plaintiffs' counsel states that he "has expended over two hundred and fifty (250) hours to date . . . ." (Supp. Joint Mem. 15, ECF No. 84). He does not provide any information as to his billing rate or the billing rate of other attorneys and/or paralegals who have worked on the case. Nor is the Court able to determine whether billing judgment was utilized.[1] The Court has not been provided any information in the form of affidavits or otherwise regarding a reasonable hourly rate. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."). In addition, no breakdown of information has provided for the nearly $4,000 in requested costs.

The parties, citing *Dell*, 669 F.3d 632, argue that "[a] stringent lodestar

---

[1] The Employment Contract discusses an hourly rate of $250 per hour. Assuming 250 hours worked, Plaintiff has shown, at most, that the lodestar is $62,500, which is over $30,000 less than what was requested.

analysis to determine the reasonableness of attorneys' fees is **not** required by the Court in cases such as this one." (Supp. Joint Mem. 12, ECF No. 84) (emphasis in original).  However, *Dell* makes clear that this is a choice for the Court, not counsel. Furthermore, the Court is of the opinion that it does not have enough information before it even to consider the *Johnson* factors, which is a necessary part of its review even if it employs solely the percentage method.  *See Dell*, 669 F.3d at 643 ("We join the majority of circuits in allowing our district courts the flexibility to choose between the percentage and lodestar methods in common fund cases, with their analyses under either approach informed by the *Johnson* considerations.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the parties must comply with the Court's previous [82] Order within **fourteen (14) days** of the date of this Order.  Otherwise, the Court will enter an Order partially approving the settlement insofar as the amount to be awarded to Plaintiffs, but will deny approval with respect to the attorney's fees and costs requested.

**SO ORDERED AND ADJUDGED** this the 10th day of February, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE